12-4567
Haxhari v. Holder

BIA
A095 467 979
A095 467 980

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand thirteen.

PRESENT:
ROBERT D. SACK,
BARRINGTON D. PARKER,
DENNY CHIN,
        *Circuit Judges.*

_____

ALTIN HAXHARI, RITA HAXHARI,
        *Petitioners,*

                v.                                    12-4567
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:        Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Altin and Rita Haxhari, natives and citizens of Albania, seek review of the October 31, 2012, decision of the BIA denying their motion to reopen. *In re Altin Haxhari, et al.*, Nos. A095 467 979/980 (B.I.A. Oct. 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Altin Haxhari's May 2012 motion was untimely and number-barred, as it was his third motion to reopen, filed more than seven years after the BIA's final administrative decision.[*] *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time and number limitations do not apply to a motion to reopen if it is "based on changed

---

[*]The claims of Altin Haxhari's wife, Rita, are entirely derivative of his claim.

2

circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

With regard to Haxhari's political activism claim, the BIA found that Haxhari failed to show that his fears were on account of a protected ground, rather than due to general unrest and instability. While Haxhari contended that Albania had "become particularly dangerous for politically active persons such as" himself, in 2003 an IJ found Haxhari to be not credible with regard to his claim that he had been politically active in Albania, and Haxhari presented no evidence in his motion to reopen that showed political activism on his part, or rebutted in any way the adverse credibility determination. Accordingly, the BIA's determination that Haxhari had not established changed country conditions that were material to his claim is supported by substantial evidence. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

Moreover, as to his claim regarding a blood feud, Haxhari submitted no new evidence specific to his situation,

3

rather, his evidence described generally the prevalence of blood feuds in Albania. Accordingly, because, as we stated in our decision denying Haxhari's prior petition for review, Haxhari provided evidence that the individual who set his house on fire was arrested and detained after doing so, and that the Committee of Nationwide Reconciliation was mediating the feud between the two families, he did not show that the Albanian government was unable or unwilling to protect him or his family from this blood feud. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Accordingly, the BIA did not abuse its discretion in denying Haxhari's motion to reopen because his evidence failed to establish either changed country conditions or a *prima facie* case for asylum. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk